UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHABUDIN MANSARIYA(MINSARIYA),
A029830101

              Petitioner,

       -v-

MICHAEL CHERTOFF, Secretary, Department of
Homeland Security; JULIE L. MYERS, Assistant
Secretary for the Bureau of Immigration and Customs
Enforcement, Department of Homeland Security;
WILLIAM CLEARY, Bureau of Immigration and
Customs Enforcement (ICE), Detention Removal
Buffalo Field Officer; and CHARLES MULE, Director,
Buffalo Federal Detention Facility,

              Respondents.

DECISION AND ORDER
06-CV-0553A

---

## INTRODUCTION

Petitioner Shabudin Mansariya, who is currently incarcerated in Buffalo Federal Detention Center pursuant to a final order of removal, has filed a Petition for Habeas Corpus, pursuant to 28 U.S.C. § 2241, in which he challenges a final order of removal, and seeks an immediate stay of his removal pending disposition of his Petition.[1]  Petitioner also challenges his continued detention pending removal. (Docket No. 1).

---

[1] Petitioner's motion for a stay of removal is incorporated into the Petition for Habeas Corpus.

The parties appeared on August 23, 2006 for a status conference, at which time the Court ordered a temporary stay of Petitioner's removal proceedings. The Court ordered counsel to submit additional briefing on the issues of the Court's jurisdiction and the finality of the removal order. On August 24, 2006, the government file a memorandum in opposition to the Petitioner's request for a stay and his Petition for Habeas Corpus, and an affidavit of Assistant United States Attorney Monica Richards regarding the finality of the removal order. The parties appeared again on August 25, 2006, at which time the Court heard oral argument. At that time, the government agreed to a stay of deportation until September 15, 2006, to allow further briefing and argument. The Petitioner filed a memorandum on September 8, 2006 and the government filed a response thereto on September 13, 2006. The parties appeared on September 15, 2006 for further oral argument.

For the reasons set forth below, Petitioner's motion for a stay of removal is denied because this Court lacks jurisdiction to enter a stay of removal and, to the extent that the Petition is, in part, challenging the final order of removal, it is dismissed because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging final orders of removal.

As to that part of the Petition which challenges Petitioner's continued detention pending removal, the Respondents shall answer the Petition as set forth below.

## DISCUSSION

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[2] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provided that the "district court shall transfer . . . to the court of appeals any case challenging a final administrative order of removal that is "*pending* in a district court" on the date the Act became effective--May 11, 2005.

---

[2] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

3

The instant Petition was filed in this Court on August 18, 2006, and appears to seek review of both the final order of removal previously entered by the Board of Immigration Appeals, and Petitioner's continued detention pending removal.

The Court finds that since Petitioner seeks, in part, review of an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), it must dismiss that part of the Petition because the Court has no jurisdiction to review the merits of that part of the Petition which seeks review of the final order of removal.  Since the Petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the Court of Appeals. *Walters v. Chertoff*, NO. 3:05 CV 01672 RNC, 2005 WL 3416124, at *1 (D.Conn. Dec 12, 2005)*; Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah, Oct 05, 2005); *Griffith v. Dept. of Homeland Security*, 2005 WL 2338866, at *1 (W.D.N.Y., September 3, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014, (S.D.N.Y., July 11, 2005).

While acknowledging that the REAL ID Act divests the district courts of jurisdiction to review the merits of a petition which seeks review of a final order of removal, Petitioner maintains  that the Real ID Act does not apply herein.  In this regard, Petitioner explains that he is presently detained following the dismissal of his Petition for Review by the United States Court of Appeals for the Second

4

Circuit. Petitioner alleges that the Mandate issued by the Second Circuit upon the Judgment denying his Petition for Review has not been properly served upon him, and that the attempt by U.S. Immigration and Customs Enforcement (ICE) to remove him is therefore improper. He thus claims that he is not attempting in this Court to challenge a final order of removal, but is instead seeking to have this Court review the legality of "Petitioner's detention and apparent attempts to forcibly remove him where no Mandate has been served upon Petitioner or his counsel." The Court finds this argument unavailing.

Petitioner admits that the Second Circuit dismissed his Petition on March 8, 2006, and that counsel's review of the pertinent docket number on PACER (Docket No. 05-3236) indicates that a Mandate was issued upon the Judgment denying the Petition by the Second Circuit on June 27, 2006. Pursuant to Federal Rule of Appellate Procedure 41(c), "[t]he mandate is effective when issued." There is no requirement that the mandate be served on the parties before it becomes effective. Thus, the order of removal in this case is final.

After reviewing the instant Petition, the Court determines that Petitioner is, in fact, seeking, in part, to have the Court review an order of removal within the meaning of the REAL ID Act. Accordingly, for the reasons explained above, the Court must dismiss that part of the Petition.

Additionally, because this Court has no jurisdiction to review final orders of removal, it has no jurisdiction to review Petitioner's application for a stay of

removal. *E.g., Morillo v. DHS & Bice Detention Center,* No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Rodney v. Gonzalez*, No. 05 CV 3407, 2006, WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006) ("[b]y depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases."); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, at *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal."); *Munoz v. Gonzalez*, No. 05 Civ. 6056(SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal). Accordingly, Petitioner's motion for a stay must be denied, and the temporary stay previously granted is vacated. Petitioner must re-file any request for a stay of removal with the Second Circuit.

## **ORDER**

IT HEREBY IS ORDERED as follows:

**1.** That part of the Petition which seeks judicial review of Petitioner's final order of removal is dismissed, Petitioner's motion for a Stay of Removal is denied, and the previous temporary stay of removal issued by the Court is vacated.

**2.** That leave to appeal as a poor person from that part of this Order dismissing Petitioner's challenge to his final order of removal and denying Petitioner's motion for a Stay of Removal is denied because any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**3.** That within **45 days** of the service of this order, respondent shall file an **answer** to the application with the Clerk of Court (and also serve a copy upon the petitioner) which shall respond to the allegations of the application and shall state, as to every ground raised by the petitioner, whether the petitioner has exhausted administrative remedies. **If any ground is alleged not to have been exhausted, respondent shall identify such ground and expressly state whether it waives the petitioner's requirement to exhaust.** Alternatively, in

the appropriate case, respondent may file a motion to dismiss the application, accompanied by pertinent exhibits which demonstrate that an answer to the application is unnecessary, by no later than **45 days** from service of this order.

Respondent also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon the petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority.  Respondent is directed to accompany all citations to sections of the Immigration and Naturalization Act with reference to the appropriate sections of 8 U.S.C.

Petitioner shall have **25 days** upon receipt of the answer to file a written response to the answer and memorandum of law (or motion to dismiss).

**4.**     That the Clerk of Court shall serve a copy of the application, together with a copy of this order, by certified mail, upon the following:

•    Superintendent of the Buffalo Federal Detention Center, 4250 Federal Drive, Batavia, New York 14020;

•    Buffalo Field Office Director, Detention & Removal Office, Immigration and Customs Enforcement Department of Homeland Security, 38 Delaware Avenue, Buffalo, NY 14202

•    New York City Office Director, Detention & Removal Office, Immigration and Customs Enforcement Department of Homeland Security, 26 Federal Plaza, New York, NY 10278-0127

- Secretary, U.S. Department of Homeland Security, Washington, D.C. 20528;

- Acting Director, Bureau of Immigration and Custom Enforcement, 425 I Street, NW Washington, DC 20536;

- Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues N.W., Washington, DC  20530;

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 18   , 2006